UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN C. SOWARDS,

              Plaintiff,              Civil Action No. 19-11449
                                                    Honorable David M. Lawson
v.                                        Magistrate Judge David R. Grand

IBT 413, *et al.*,

              Defendants.

_____/

## REPORT AND RECOMMENDATION TO DISMISS ACTION, *SUA SPONTE*, UNDER 28 U.S.C. § 1915(e)

**I.    RECOMMENDATION**

On May 16, 2019, Plaintiff Sean C. Sowards ("Sowards") filed a *pro se* civil complaint in this Court. (Doc. #1). On May 23, 2019, he was granted leave to proceed *in forma pauperis* ("IFP"), and on the same day, the case was referred to the undersigned for, *inter alia*, "screening under 28 U.S.C. § 1915(e)(2)(B) …." (Docs. #5, #6). For the reasons set forth below, **IT IS RECOMMENDED** that this action be dismissed, *sua sponte*, under 28 U.S.C. § 1915(e)(2)(B) because Sowards has failed to state a claim upon which relief can be granted.

**II.    REPORT**

    **A.    Background**

In his original complaint, Sowards names as the defendants in this action "IBT 413 and Assailants." (Doc. #1). Although Sowards' complaint is virtually unintelligible, he appears to accuse "IBT 413" – presumably the International Brotherhood of Teamsters Local 413 – of taking various actions in the Columbus, Ohio, area that "recklessly endangered Mr. Sowards family, co-worker's and the outstanding US public population[.]" (*Id.* at 1).

As allowed by Fed. R. Civ. P. 15(a)(1), Sowards filed an amended complaint as a matter of right on July 15, 2019. (Doc. #10). In the caption of his amended complaint, which is completed on a form that this Court provides to *pro se* litigants, Sowards identifies the defendants as follows: Carl Sponagrass, Elaine Hayes/Husband, Lee Coraves, Ryan Warden, Cynthia Inez Latham, Bill Dauls, Theodore Beadsley, Gregg Slemmer, and President Charles "Tony" Jones." (*Id.* at 1). Sowards asserts federal question jurisdiction, citing as the basis for such jurisdiction the "Racketeer Influenced and Corrupt Organization Act, RICO 18:1961-1968 + 18 U.S.C. § 3591." (*Id.* at 3). His statement of claim, which makes little sense, reads as follows in its entirety:

> Now comes statement of claim in these civil proceeding's [sic], the plaintiff in this proceeding has a hit for hire on 1#, Mr. Sean C. Sowards. The plaintiff's civil/amendment rights have been violated by verious [sic] racketeering acts of bullying, inteminating [sic] tactic's, such as and including extortion through ponzzi [sic] insurance scheme's contraband distribution, domestic violence, regging [sic] labor elections/contracts, also arson including identity fraud – money laundrying [sic], reckless endangerment + 18 U.S.C. § 3591 which doesn't exclude conspiracy to commit RICO. Herein bring's [sic] up moral turpitude, were [sic] court should recognize the overriding vaule [sic] of life and physical integrity and permits disclosure reasonable [sic] necessary to prevent certain death or substantial bodily harm to plaintiff and his family. A specific brief detailed distribution, is life threatening just as 5/24/12, were 2 of the defendants were arrested in presence of Grace Everson, James Long, James Comey, and Superintendent Ramos. Their's [sic] several other dates, such as and including 7/13/13; 2/23/15; 2/19/17; but not excluding 11/15/18. Werein [sic] the plaintiff shall need immediate, vindaction [sic], exoneration and along with 2nd + 5th amendment rights to protect himself + family.

(*Id.* at 4). In the "Relief" section of the complaint, Sowards states:

> The relief thee [sic] plaintiff shall invoke is exualting [sic], exonerating and or vendacating [sic] thee [sic] trumped up 18CR6088 on thee [sic] plaintiff Mr. Sowards. Werein [sic] Mr. Sowards and his family are in fear of more retaliation and or excution [sic], from numerous frivolous terroristic attempts honor a death threats at or on 5104 Trabue Rd, Columbus Ohio; 43228. Theirin [sic] these attempts continued for up until 11/15/18; thee [sic] plaintiff, Mr. Sowards will ask for thee [sic] amount of 35% of Local UPS income. For these profound reason's [sic], lease of housing, vehicle, missing retroactive pay since 2/23/15; numerous attempt's reckless endangerment, and even grose [sic] imposition at or on 2/19/17 werein [sic]

>they (Elaine Hayes/Husband/IBT 413; [Assailants]); also attempted arson. Thee [sic] defendants wouldn't stop at racketeering; they also concocted slanderous plot's [sic] of decipetition [sic] at several different venu's [sic] to hault [sic] Mr. Sowards from getting employement [sic] anywhere else unless he would join their gang and or mob; up until this very day (currently).

(*Id.* at 5).[1]

### B.  Analysis

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  To state a claim upon which relief may be granted, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555).  Thus, "a pleading that offers 'labels and conclusions' or 'a formulaic recitation of

---

[1] On July 19, 2019, Sowards filed what appears to be an additional amendment to his complaint. (Doc. #12).  This filing was improper because a plaintiff may only amend his complaint "once as a matter of course," and Sowards had already amended his complaint. Fed. R. Civ. P. 15(a)(1). Sowards failed to seek or obtain leave of court for this filing as was required. Fed. R. Civ. P. 15(a)(2).  Accordingly, the Court need not consider this filing.  Moreover, the filing is completely incomprehensible, and it is unclear how any of the statements contained therein relate to any claim, of any kind, against any defendant.  For instance, Sowards concludes the filing by stating that he "would need statement of Michigan State, Wisconsin, Iowa, Texas whereabout's [sic] on 2/23/15? Hopefully that have same report as myself of Zack Smith [former Ohio State football coach], Ryan Day [current Ohio State football coach], Urban Meyer [former Ohio State football coach] and Elaine Hayes involvement in domestic violence at or on 2/23/15 as well as 5 children + women being shot at just as myself with my back turned on the news.  With damn near hundred other UPS employee's [sic].  Apparently Karen/Cook/Richard Sowards grandkids don't mean shit to the owner of UPS."  (Doc. #12 at 2).

3

the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* (quoting *Twombly*, 550 U.S. at 557).

Once an IFP complaint is filed under 28 U.S.C. § 1915(a), the court must test its sufficiency under § 1915(e). Pursuant to 28 U.S.C. § 1915(e)(2)(B), a court "shall dismiss" a case at any time if it: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." This provision applies to all IFP cases and empowers the Court to *sua sponte* dismiss those complaints that fail to state a claim on which relief can be granted. *See McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997) ("If a complaint falls within the requirements of § 1915(e)(2) when filed, the district court should *sua sponte* dismiss the complaint.").

As Magistrate Judge R. Steven Whalen recently and succinctly explained:

> The United States Supreme Court has set forth the standard for determining whether a complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6), that is, for failure to state a claim on which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), construing the requirements of Fed. R. Civ. P. 8(a)(2),[2] held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level … on the assumption that all the allegations in the complaint are true." *Id.* at 555 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal citations and quotation marks omitted).
>
> \*      \*      \*
>
> In *Smith v. Michigan Dep't of Human Servs.*, No. 06-14690, 2007 WL 2178318, at \*3 (E.D. Mich. July 27, 2007) (Lawson, J.), the Court explained the relationship between § 1915(e)(2)(B)(ii) and failure to state a claim as

---

[2] Rule 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

4

follows:

> "[U]nder section 1915(e)(2)(B)(ii), a plaintiff's complaint is subject to dismissal for failure to state a claim if the factual allegations, taken as true, do not demonstrate that the plaintiff is entitled to relief…. To be entitled to relief, the plaintiff's complaint must contain 'either direct or inferential allegations respecting all the material elements needed to sustain a recovery under *some* viable legal theory.'" *Brown v. Scott*, 329 F. Supp. 2d 905, 909 (E.D. Mich. 204) (internal quotations omitted) (emphasis in original).

*Riley v. Johnson*, No. 19-10060, 2019 WL 2406949, at *2 (E.D. Mich. May 2, 2019) (footnote in original). The Sixth Circuit has recognized that such pleading requirements are mandatory, even for *pro se* litigants. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

In this case, Sowards' amended complaint is entirely devoid of facts that would support any legal claim against any of the defendants. To begin with, as to eight of the ten named defendants – Carl Sponagrass, Lee Coraves, Ryan Warden, Cynthia Inez Latham, Bill Dauls, Theodore Beadsley, Gregg Slemmer, and President Charles "Tony" Jones" – Sowards' amended complaint makes no specific factual allegations about them whatsoever. It is a basic pleading essential that a plaintiff must attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 555 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Here, then, as to these eight defendants, Sowards' amended complaint is subject to dismissal under Section 1915(e)(2)(B)(ii) for failure to state a claim. *See Baker v. Noronha*, No. 12-10642, 2013 WL 1720803, at *3 (E.D. Mich. Feb. 27, 2013) ("Where a person is named as a defendant without an allegation of specific conduct, the complaint against him is subject to dismissal, even under the liberal construction afforded to *pro se* complaints.").

Sowards' amended complaint also is subject to dismissal under Section 1915(e)(2)(B)(ii) as to the other defendants, "Elaine Hayes/Husband" and "IBT 413." These two defendants are

5

mentioned only the "Relief" section of Sowards' amended complaint, where he vaguely accuses them of "attempted arson" and alleges that they "wouldn't stop at racketeering …." (Doc. #10 at 5). To the extent Sowards' reference to "racketeering" is an attempt to plead a claim under RICO, such an attempt fails. *See* 18 U.S.C. § 1962(c) (affording a civil remedy to an individual who is injured by certain types of unlawful "racketeering activity"). Indeed, while Sowards' amended complaint does contain words like "extortion," "money laundrying [sic]," and "conspiracy" that could in theory implicate that statute, he makes no specific factual allegations tying "Elaine Hayes/Husband" or IBT 413 (or any other named defendants, for that matter) to any specific acts that would violate RICO. Sowards' failure to allege specific wrongful conduct by any particular defendant is fatal to his RICO claim. *See, e.g.*, *Riley*, 2019 WL 2406949, at *2 (dismissing under § 1915(e)(2)(B)(ii) where, although alluding to a "RICO conspiracy," the plaintiff failed to state what each defendant did that allegedly violated that statute).

Finally, Sowards complaint is largely incomprehensible and does nothing more than string together legal jargon unconnected to any particular wrongful conduct by any particular defendant. (*E.g.*, Doc. #10 at 4) ("The plaintiff's civil/amendment rights have been violated by verious [sic] racketeering acts, of bullying, [intimidating] [sic] tactic's [sic], such as and including extortion through ponzzi [sic] insurance schemes, contraband distribution, domestic violence, regging [sic] labor elections/contracts, also, arson including identity fraud . . ."). This clearly fails to meet the basic pleading standards discussed above, *supra* at 3-4. *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678.

In short, Sowards' allegations are incomprehensible[3] and the Court cannot discern what

---

[3] At one point in his amended complaint, Sowards requests that he be exonerated and/or vindicated of "trumped up" criminal charges in "18CR6088." (Doc. #10 at 5). A review of the Franklin County Clerk's website reveals that Sowards was arraigned in that case on November 15, 2018

6

Sowards accuses each defendant of doing, and why such actions could plausibly result in liability under any legal theory. Because the amended complaint contains insufficient factual matter to enable the Court to discern a plausible claim for relief, it fails to state a claim upon which relief may be granted. *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010); *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678.. For these reasons, this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.   CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that this action be **DISMISSED, *SUA SPONTE*,** pursuant to 28 U.S.C. §1915(e)(2)(B)**.**

Dated: August 21, 2019  
Ann Arbor, Michigan

s/David R. Grand  
DAVID R. GRAND  
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others

---

and charged with the felonies of inducing panic and assault. *See* https://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline/caseSearch?LX0VMd6CE0LP5LmEDgut. On May 16, 2019, Sowards was found incompetent to stand trial in that case and was ordered confined to the civil unit of Twin Valley Behavioral Healthcare in Columbus, Ohio. *See id.* Sowards' amended complaint contains no factual allegations that would support any type of claim against any of the defendants (or anyone else, for that matter) related to that criminal case.

with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 21, 2019.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager